IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CLARENCE E. HEATH, | § | |
| | § | No. 33, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2308005997(K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: February 15, 2024
Decided: April 16, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## ORDER

Upon consideration of the opening brief, motion to affirm, and record on appeal, it appears to the Court that:

(1)    The appellant, Clarence E. Heath, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Heath's opening brief that his appeal is without merit.  We agree and affirm.

(2)    On August 31 2023, Heath pleaded guilty to third-offense driving under the influence ("DUI").  The Superior Court immediately sentenced Heath to the sentence recommended by the parties: two years of Level V incarceration, effective

August 13, 2023, suspended for one year of Level V incarceration to be suspended after ninety days for one year of Level II probation. The sentencing order also required Heath to maintain at least ninety consecutive days of sobriety with an alcohol monitoring device and to complete an intensive inpatient or outpatient alcohol treatment program of not less than three months. Heath did not appeal.

(3) On November 3, 2023 Heath was released from Level V incarceration. Before his release, Heath signed his conditions of probation and was instructed that he could not leave Delaware without permission. On December 21, 2023 the Department of Correction ("DOC") filed an administrative warrant for Heath's VOP. The VOP report alleged that Heath's alcohol monitoring device, which included GPS, showed that he was in Maryland without permission on November 27, 2023 and multiple times in December 2023. The report also alleged that Heath had failed to report for the intake to the ninety-day intensive outpatient drug and alcohol treatment program that he was required to complete after his release from Level V incarceration.

(4) After a hearing on January 8, 2024, the Superior Court found that Heath had violated his probation. The Superior Court sentenced Heath, effective December 20, 2023, to one year and nine months of Level V incarceration, suspended after nine months Level V Reflections program for one year of Level III probation. This appeal followed.

(5) In his opening brief, Heath argues that his VOP sentence was illegal. He is mistaken. A sentence is illegal when it exceeds the statutorily authorized limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to substance, or is a sentence that the judgment of conviction did not authorize.[1]

(6) Once Heath committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of Level V time remaining on his sentence.[2] Heath's VOP sentence—one year and nine months of Level V incarceration suspended after nine months Level V Reflections program—does not exceed the Level V time remaining on his sentence for third-offense DUI and is not illegal. It is manifest on the face of Heath's opening brief that his appeal is without merit.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[1] *Brittingham v. State*, 705 A.2d 577, 578 (Del.1998).
[2] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).